UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JERRY L. SMITH,<br><br>     Petitioner,<br><br>  v.<br><br>PAT GLEBE,<br><br>     Respondent. | C13-1813-RSL-JPD<br><br>ORDER DENYING PETITIONER'S PREMATURE AND MOOT MOTIONS |

This matter comes before the Court on petitioner's October 31, 2013 motion for a certificate of appealability, Dkt. 11, and motion to order respondent to submit relevant portions of the state court record, Dkt. 12. These two motions were filed the day after the Court ordered that petitioner's habeas petition be served on respondent. Dkt. 8.

Specifically, in his motion for a certificate of appealability ("COA"), petitioner asserts that he "is aware that the Magistrate Judge will decide if a COA should issue as a procedure in the Report and Recommendation to the District Judge. Therefore, this request is not premature. If claims presented do not prevail, the COA should issue on the merits of each claim as debatable." Dkt. 11 at 2. Petitioner argues that "[v]alid claims of the denial of specific constitutional rights have been presented in the actual habeas corpus petition." *Id*.

ORDER
PAGE - 1

1    Petitioner's motion for a certificate of appealability, Dkt. 11, is STRICKEN as
2 PREMATURE.  To appeal a district court's final judgment under the Antiterrorism and
3 Effective Death Penalty Act ("AEDPA"), a habeas petitioner must obtain a COA.  28 U.S.C. §
4 2253(c); *United States v. Asrar*, 116 F.3d 1268, 1269–70 (9th Cir. 1997).  The statute provides
5 that the Court may only issue a COA "if the applicant has made a substantial showing of the
6 denial of a constitutional right."  *Id.*  In other words, the petitioner must show that "reasonable
7 jurists could debate whether (or, for that matter, agree that) the petition should have been
8 resolved in a different manner or agree that the issues presented were 'adequate to deserve
9 encouragement to proceed further.'"  *Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029,
10 154 L.Ed.2d 931 (2003).  A claim is debatable "even though every jurist of reason might agree,
11 after the [certificate] has been granted and the case received full consideration, that petitioner
12 will not prevail."  *Id.* at 338.

13    Here, petitioner's request for a COA is premature because the Court has not ruled upon
14 the merits of petitioner's constitutional claims.  It is therefore too early to tell whether
15 "reasonable jurists could debate whether . . . the petition should have been resolved in a
16 different manner[.]"  *Cockrell*, 537 U.S. at 336.  The Court will consider whether a COA is
17 appropriate after the Court has considered the merits of petitioner's constitutional claims.

18    In his motion asking the Court to order respondent to submit relevant portions of the
19 state court record, petitioner asserts that "Rule 5 of the Rule Governing 2254 Cases places the
20 burden on the State to ensure that the district court have all relevant documents necessary for
21 adequate review in habeas actions."  Dkt. 12 at 1-2.  In particular, petitioner argues that
22 respondent should produce "(1) the Washington State 'Waiver of Rights' form and (2) the
23 Washington State 'Explanation of Rights' form.  These specific documents are relevant to
24 grounds presented in the actual habeas corpus petition," because "the State witness, Detective
25 Harry James, duly swore in Court to the existence of these documents and further testified to
26

ORDER
PAGE - 2

1  contents of each individual document." *Id.* at 3.  If such documents are not produced,
2  petitioner asks the Court to hold an evidentiary hearing.  *Id*. at 4.
3        On December 12, 2013, respondent filed the "relevant state court record" with the
4  Clerk's Office.  Dkt. 16.  The Court will not direct respondent to supplement the record at this
5  time because this case is not yet ripe for review and therefore the Court has not had an
6  opportunity to consider the merits of petitioner's constitutional claims.  However, petitioner is
7  advised that should the Court determine that all relevant portions of the state court record were
8  not produced by respondent, the Court will direct respondent to supplement the record at a later
9  date.  Petitioner's motion to order respondent to submit relevant portions of the state court
10 record, Dkt. 12, is also STRICKEN as MOOT.
11       The Clerk is directed to send copies of this Order to the parties and the Honorable
12 Robert S. Lasnik.
13       DATED this 19th day of December, 2013.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
United States Magistrate Judge